The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other Papers as required by law, except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM)

## I (a) PLAINTIFFS

**MILDRED CAMPBELL**

## DEFENDANTS

**PATENAUDE & FELIX, GREGG L. MORRIS & CAPITAL ONE BANK**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **ALLEGHENY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**5816 Chestnut Street**
**Philadelphia, PA 19139**

ATTORNEYS (IF KNOWN)
**Joann Needleman, Esq. (For Patenaude & Felix & Gregg L. Morris)**
**Maurice & Needleman, P.C.**
**935 One Penn Center, 1617 JFK Blvd**
**Philadelphia, PA 19103**

| 11. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ a | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**890 - Statutory Action**

## V NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE /PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice, | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 Statute Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | Liability, | ☐ 640 R.R & Truck ☐ 650 Airline Regs | PROPERTY RIGHT | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights ☐ 830 Patent | ☐ 470 Racketeer Influence and Corrupt Organization |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 395 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 891 Agriculture Acts ☐ 892 Economic Stabilization |
| ☐ 190 Other Contract | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | Act |
| ☐ 195 Contract Product Liability | | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 893 Environmental matters ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Law Condemnation | ☐ 441 Voting | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes(U.S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Other | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ I Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $ **12,500.00**    Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE **Baylson**    DOCKET NUMBER **09-cv-4028**

DATE **September 10, 2009**    SIGNATURE OF ATTORNEY OF RECORD **/s/ JOANN NEEDLEMAN, ESQ (signature code 5015)**

UNITED STATES DISTRICT COURT

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first 'listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**U. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P , which requires that jurisdictions be shown in pleadings. Place an -X- in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the Plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above - Mark this section for each principal party.

IV. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an -X- in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an -X- in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1444. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the **filing date.**

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers **or** multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Tide 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.C.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending **cases, insert the** docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

(rev. 07/89)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| MILDRED CAMPBELL | CIVIL ACTION |
| V. | |
| PATENAUDE & FELIX, GREGG L. MORRIS & CAPITAL ONE BANK | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS

(a) Habeas Corpus — Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security — Cases requesting a review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration — Cases required to be designated for arbitration under Law Civil Rule 53.2.  ( )

(d) Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos.  ▭

(e) Special Management — Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex, and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ▭

(f) Standard Management — Cases that do not fall into any one of the other tracks.  ⊠

September 10, 2009
Date

/s/ JOANN NEEDLEMAN, ESQ
Attorney-at-law

PATENAUDE & FELIX & GREGG L. MORRIS
Attorney for

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cam to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned

(c)     The court my, on its own initiative or upon the request of my party. change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72. 1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See 1-02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cam will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence- (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; Class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose, assignment to appropriate calendar.

Address of Plaintiff: 5816 Chestnut Street, Philadelphia, PA 19139

Address of Defendant: 213 E. Main Street, Carnegie, PA 15106

Place of Accident, Incident or Transaction: 5816 Chestnut Street, Philadelphia, PA 19139
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate Party with any Parent corporation and any publicly held corporation owning 10‰ or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7. 1 (a))_    Yes ☐ No ☒

Does this case involve multi district litigation possibilities?    Yes ☐ No ☒
*RELATED CASE, IF ANY:*

Case Number 09-cv-4028    Judge Baylson    Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within One Year Previously terminated action in this court?

Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes ☐ No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract ~ Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Fair Debt Collections Practices Act, 15 USC 1692 et seq.

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 10, 2009    s/Joann Needleman    74276
Attorney-at-Law    Attorney I.D.#

**NOTE: A trial de novo, will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any cast now pending or within one year previously terminated action in this court except as noted above.

DATE: September 2, 2009    s/Joann Needleman    74276
Attorney-at-Law    Attorney I.D.#

AV. 609 (4/03)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MILDRED CAMPBELL<br>   Plaintiff,<br>   v.<br><br>PATENAUDE & FELIX, GREGG L. MORRIS<br>& CAPITAL ONE BANK<br>   Defendant(s). | CIVIL ACTION NO.<br><br><br>(REMOVAL OF ACTION) |

**NOTICE OF REMOVAL OF**
**CIVIL ACTION FROM STATE COURT**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
   **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendants, PATENAUDE & FELIX & GREGG L. MORRIS (hereinafter referred to as "Removing Defendants"), by and through its undersigned attorney, respectfully represents as follows:

1. The removing parties are Defendants in the above entitled action.

2. On or about  July 28, 2009, the above entitled action was commenced, by the filing of a Statement of Claim against the Removing Defendants and Capital One in the Municipal Court of Philadelphia, Case No. SC 09-07-28-6227 (the "State Court Action"), and is now pending therein. *A true and correct copy of the Civil Complaint is attached and marked as Exhibit A*.1

---

1 On the same date, Plaintiff also filed virtually the identical action with the Municipal Court of Philadelphia, SC#09-07-28-6206. That matter has been removed to this Court as of September 3, 2009, and given the case number 09-cv-4028.

3.      On or about August 17, 2009, Patenaude & Felix was served with the statement of claim.  *A true and correct copy of the Affidavits of Service are  attached and marked as **Exhibit B***.

4.      The  Municipal Court docket  reflects service upon Capital One. *A true and correct copy of the Municipal Court docket is attached and marked as **Exhibit C***.

5.      The State Court Action seeks, *inter alia*, the following relief: monetary damages for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq*, and abuse of process under the Dragonetti Act (***See Exhibit A***).

6.      This Court has original jurisdiction over the above entitled action pursuant to 28 U.S.C. §1331, as it involves a federal question with regards to the alleged violations of the Fair Debt Collections Practice Act, 15 U.S.C. §1692 *et seq*.  Thus, this action must therefore be removed to this Court pursuant to 28 U.S.C. §1441(a).  Furthermore, this Court will have pendent jurisdiction over any other state claims that may be asserted by the Plaintiff.

7.      This notice is timely filed with the Court within thirty (30) days after service of the Statement of Claim on the Removing Defendants in the above entitled action pursuant to 28 U.S.C. §1446(b).

WHEREFORE, the Removing Defendants pray that the above entitled civil action be removed from the Philadelphia Municipal Court.

Respectfully submitted,
**MAURICE & NEEDLEMAN, P.C.**

/s/Joann Needleman, Esquire_____
JOANN NEEDLEMAN, ESQUIRE
935 One Penn Center
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 789-71751
(215) 563-8970 fax
joann@mnlawpc.com
*Attorney for Removing Defendants,*
*PATENAUDE & FELIX & GREGG L.*
*MORRIS*

Date: September 9, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILDRED CAMPBELL<br>　　　　Plaintiff,<br><br>　　　v.<br><br>PATENAUDE & FELIX, GREGG L. MORRIS<br>& CAPITAL ONE BANK<br>　　　　Defendant(s). | CIVIL ACTION NO.<br><br><br>(REMOVAL OF ACTION) |

## CERTIFICATION OF SERVICE

　　　I, JOANN NEEDLEMAN, ESQUIRE, hereby certify that on September 9, 2009, a true and correct copy of the attached NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT, was served upon the persons and in the manner set forth below:

**FIRST CLASS MAIL, POSTAGE PREPAID, AS WELL AS ELECTRONICALLY IF APPLICABLE**, to:

ALLEN K MARSHALL
1819 JFK BLVD
SUITE 400
PHILADELPHIA, PA 19103

CAPITAL ONE
P.O. BOX 30285
SALT LAKE CITY, UT 84130

SCOTT J. ETISH, ESQ.
GIBBONS, P.C.
1700 TWO LOGAN SQ.
18TH & ARCH STREETS
PHILADELPHIA, PA 19103

Respectfully submitted,
**MAURICE & NEEDLEMAN, P.C.**

/s/Joann Needleman, Esquire
JOANN NEEDLEMAN, ESQUIRE
935 One Penn Center
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 789-71751
(215) 563-8970 fax
joann@mnlawpc.com
*Attorney for Removing Defendants,*
*PATENAUDE & FELIX & GREGG L.*
*MORRIS*

Date: September 9, 2009

# EXHIBIT A



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

2

## STATEMENT OF CLAIM

**Code:** Consumer Purchase - (4)                 **#** SC-09-07-28-6227

| | |
|---|---|
| Mildred Campbell<br>5816 Chestnut St<br>Philadelphia, PA 19139 | Patenaude and Felix, Gregg L. Morris, Capital One Bank<br>(continued...) |
| *Plaintiff* | *Defendant(s)* |

Service Address (information) if other than above:

---

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*

Parties
1.   Ms. Mildred Campbell is the Plaintiff at 5816 Chestnut St, Philadelphia, PA 19139.
2.   Patenaude and Felix is the First Defendant at 213 E. Main St, Carnegie, PA 15106
3.   Gregg L. Morris is the Second Defendant at 213 E. Main St, Carnegie, PA 15106.
4.   Capital One is the Third Defendant at PO Box 30285, Salt Lake City, UT 84130-0285.
Cause of Action
Count 1
False Claims in Lawsuit
Violation of Fair Debt Collection Practices Act (FDCPA)
Other damages
5.   The first two Defendants operate as bill collectors and thus are required to follow the Fair
Debt Collection Practices Act (FDCPA).
6.   Defendant, Gregg L. Morris while being employed as an agent of the first Defendant, filed a
lawsuit against Ms. Campbell on January 20, 2009 in the Municipal Court of Philadelphia.
7.
8.   The lawsuit was captioned as Capital One Bank v. Mildred Campbell and had a case number
( more )

---

## Summons to the Defendant
**You are hereby ordered to appear at a hearing scheduled as follows:**

### Citation al Demandado
Por la presenta, Usted esta dirijido a presentarse
a la siguiente:

34 South 11th Street
Philadelphia, PA 19107
Hearing Room: 4D

September 10th, 2009

09:15 AM

## Amount Claimed

| | | |
|---|---|---:|
| Principal | $ | 10000.00 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 2500.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 12500.00 |
| Service | $ | 45.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.50 |
| Court Costs | $ | 55.00 |
| **TOTAL CLAIMED** | $ | 12615.50 |

Date Filed: 07/28/2009

---

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

ALLAN K MARSHALL

Signature Plaintiff/Attorney
Atty ID #: 035990

**Address & Phone**

1819 JFK BOULEVARD STE. 400
PHILADELPHIA, PA 19103
215-569-1904

NOTICE TO THE DEFENDANT, YOU HAVE BEEN
SUED IN COURT. PLEASE SEE ATTACHED NOTICES.

AVISO AL DEMANDADO LE HAN DEMANDADO EN
CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.



# PHILADELPHIA MUNICIPAL COURT

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge          Patricia R. McDermott, Deputy Court Administrator

## SMALL CLAIMS COMPLAINT

# SC-09-07-28-6227

| | |
|---|---|
| Mildred Campbell<br>5816 Chestnut St<br>Philadelphia, PA 19139<br><br><br>*Plaintiff* | Patenaude and Felix, Gregg L. Morris, Capital One Bank<br><br><br>*Defendant(s)* |

---

### DESCRIPTION OR NATURE OF VIOLATION

SC-09-01-20-5790. See Exhibit 101.
9.    The purpose of the lawsuit was to collect money.
10.    There were no grounds for this lawsuit because he had filed another lawsuit with the same account number i.e 5178- 0517-8949-2616 on the same day in the same court. for the same balance due i.e $2,951.41. The correct lawsuit was filed on the same day under Case Number SC-09-0120-5928.
11.    The lawsuit, falsely claimed that Ms. Campbell owe the money on three accounts of Capital One, one seemingly correct lawsuit and the other two false and duplicative lawsuits.
12.    The lawsuit misrepresented the character of the debt and the amount of the debt.
13.    This conduct is prohibited and is illegal and violates the Fair Debt Collection Practices Act (FDCPA)
Cause of Action
Count 2
Abuse of Process under the Dragonetti Act
14.    Ms. Campbell repeats and re-alleges all prior allegations as if she set forth in detail here.
15.    The lawsuit filed against Ms. Campbell captioned as Capital One Bank v. Mildred Campbell and had a case number SC-09-01-20-5790 had no basis and no probable cause.
16.    Capital One Bank allowed that the lawsuit be filed with a false address of the Plaintiff- Capital One Bank See Exhibit 101 102 and 103.
17.    The lawsuit ended in favor of Ms. Campbell.
18.    Ms. Campbell had to retain a lawyer and pay legal fees to represent her.
19.    Because of the false lawsuti, Ms. Campbell suffered anxiety stress and the negative implications fo false public record.
20.    WHEREFORE, Ms. Campbell prays for a Judgment of $10,000 in favor of Plaintiffs and against Defendants as follows:
   1) That there be Judgment herein in favor of Plaintiff and against Defendants for all reasonable damages sustained by plaintiff, including, but not limited to, compensatory damages for harassment and embarrassment
   2) out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish,
   3) fear of personal safety and security, jeopardizing future Credit and Business and employment opportunities, progress and career, and for punitive damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable , federal and states' laws, together with legal interest thereon from date of judicial demand until paid;
   FURTHER, Pray for all such additional, general and equitable relief as may be necessary and proper.
Respectfully submitted,
/s/ _____
Allan K. Marshall
Attorney for the Plaintiff

( more )



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge      Patricia R. McDermott, Deputy Court Administrator

## SMALL CLAIMS COMPLAINT

# SC-09-07-28-6227

| | |
|---|---|
| Mildred Campbell<br>5816 Chestnut St<br>Philadelphia, PA 19139<br><br><br><br>*Plaintiff* | Patenaude and Felix, Gregg L. Morris, Capital One Bank<br><br><br><br><br>*Defendant(s)* |

| DESCRIPTION OR NATURE OF VIOLATION |
|---|
| List of Exhibits<br>101    The False Lawsuit ? Capital One Bank v. Mildred Campbell, case number SC-09-01-20-5790 had no basis and no probable cause.<br>102    The Docket of the lawsuit.<br>103    Withdrawn without prejudice (with a right to revive it)<br>104    Fair Debt Collection Practices Act (FDCPA) |



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge        Patricia R. McDermott, Deputy Court Administrator

## SMALL CLAIMS COMPLAINT

# SC-09-07-28-6227

Mildred Campbell
5816 Chestnut St
Philadelphia, PA 19139

Patenaude and Felix
213 E. Main St
Carnegie, PA 15106

Gregg L. Morris
213 E. Main St
Carnegie, PA 15106

Capital One Bank
PO Box 30285
Salt Lake City, UT 84130

*Plaintiff(s)*                                                                      *Defendant(s)*

# 1



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)                    # SC-09-01-20-5790

| | |
|---|---|
| CAPITAL ONE BANK<br>213 E. Main Street<br>Carnegie, PA 15106 | MILDRED CAMPBELL<br>5816 CHESTNUT ST<br>PHILADELPHIA, PA 19139 |
| *Plaintiff* | *Defendant(s)* |

Service Address (information) if other than above:

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*

Unpaid balance of a Capital One Bank credit card account No. 5178051789492616 in the sum of $3034.54 plus interest and costs.

---

### Summons to the Defendant

You are hereby ordered to appear at a hearing scheduled as follows:

### Citation al Demandado

Per la presente, Usted esta dirijido a presentarse a la siguiente:

34 South 11th Street
Philadelphia, PA 19107
Hearing Room: 4A

March 27th, 2009

01:00 PM

### Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 2951.41 |
| Interest | $ | 83.13 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| Subtotal | $ | 3034.54 |
| Service | $ | 27.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.50 |
| Court Costs | $ | 44.00 |
| TOTAL CLAIMED | $ | 3121.04 |

Date Filed: 01/20/2009

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

GREGG L. MORRIS

Signature Plaintiff/Attorney

Atty ID #: 069006

Address &
Phone

213 EAST MAINS STREET
CARNEGIE, PA 15106
866-772-7675

NOTICE TO THE DEFENDANT: YOU HAVE BEEN
SUED IN COURT. PLEASE SEE ATTACHED NOTICES.

AVISO AL DEMAN
CORTE. VEA PO

Plaintiff's Exhibit
101

If you wish to resolve this matter without appearing in court, please contact the a...

## Case Docket View
## SC-09-01-20-5790 Case Information

*Whp · # 1*

Complaint claim
**Plaintiff Information**
CAPITAL ONE BANK
213 E. Main Street
Carnegie, PA 15106
Attorney: GREGG L. MORRIS ID: 069006

**Defendant Information**
1   MILDRED CAMPBELL
    5816 CHESTNUT ST
    PHILADELPHIA, PA 19139
    Attorney: ALLAN K MARSHALL ID: 035990

Disposed

View Condensed Docket
Reverse Chronological Order

| Filing Date | Description | Results/Comments | Filing Party | Docketed Under | View |
|---|---|---|---|---|---|
| 01/20/2009 | Statement of Claims | Hearing Scheduled: 03/27/2009 01:00 PM Hearing Room 4A Fee: $86.50 Amount at Issue: $3,034.54 Interviewer Code: 127 | GREGG L. MORRIS | CAPITAL ONE BANK (P) MILDRED CAMPBELL (D1)   Service: Philadelphia Writ Service | View |
| 01/20/2009 | Plaintiff Instructions SC | Plaintiff Instructions | GREGG L. MORRIS | CAPITAL ONE BANK (P) MILDRED CAMPBELL (D1) | View |
| 01/20/2009 | ADA - ADA Notice | ADA | GREGG L. MORRIS | MILDRED CAMPBELL (D1) CAPITAL ONE BANK (P) | View |
| 01/20/2009 | SC What To Do | Instructions | GREGG L. MORRIS | MILDRED CAMPBELL (D1) CAPITAL ONE BANK (P) | View |
| 01/20/2009 | Non-Military Affidavit | Non-Military Affidavit - MILDRED CAMPBELL | GREGG L. MORRIS | CAPITAL ONE BANK (P) MILDRED CAMPBELL (D1) | View |
| 01/20/2009 | SC Notice to Defend | Notice to Defend - MILDRED CAMPBELL | GREGG L. MORRIS | MILDRED CAMPBELL (D1) CAPITAL ONE BANK (P) | View |
| 01/20/2009 | Exhibit | A | GREGG L. MORRIS | MILDRED CAMPBELL (D1) CAPITAL ONE BANK (P) | View |
| 02/12/2009 | Affidavit of Service | Service made for: MILDRED CAMPBELL | CMS User | MILDRED CAMPBELL (D1) | View |
| 03/12/2009 | Entry of Appearance | Attorney ALLAN K MARSHALL filed an entry of appearance for MILDRED CAMPBELL. | ALLAN K MARSHALL | CAPITAL ONE BANK (P) MILDRED CAMPBELL (D1) | |
| 03/12/2009 | Exhibit - Continuance Request | Defendant continuance request initiated on 03/12/2009 | ALLAN K MARSHALL | MILDRED CAMPBELL (D1) CAPITAL ONE BANK (P) | View |
| 03/13/2009 | Disposition - Continuance - Granted | Hearing Scheduled: 04/27/2009 9:15 AM Hearing Room 4F | GREGG L. MORRIS | MILDRED CAMPBELL (D1) CAPITAL ONE BANK (P) | |
| 03/13/2009 | Notice - Notice of Continuance | | LAN·K ·\RSHALL | MILDRED CAMPBELL (D1) | View |

Plaintiff's Exhibit
102

. CMS - Case Docket

| | | | | |
|---|---|---|---|---|
| 03/13/2009 | Disposition - Withdrawn without Prejudice | | GREGG L. MORRIS | CAPITAL ONE BANK (P) MILDRED CAMPBELL (D1) | View |
| 04/27/2009 | Disposition - Withdrawn without Prejudice | Withdrawn without Prejudice. Parties Appearing: ALLAN MARSHALL. | Barbara S. Gilbert | MILDRED CAMPBELL (D1) | View |

[Print All Documents]  [Print Only Documents as On File]

03/13/2009 16:22 FAX 4124297878



### PHILADELPHIA MUNICIPAL COURT
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA, 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

# SC-09-01-20-5790

| | |
|---|---|
| CAPITAL ONE BANK<br>215 E. Main Street<br>Carnegie, PA 15106 | MILDRED CAMPBELL<br>5816 CHESTNUT ST<br>PHILADELPHIA, PA 19333 |
| *Plaintiff* | *Defendant(s)* |

GREGG L. MORRIS
_____
Plaintiff/Attorney
Attorney #    069006

Address &    215 EAST MAIN STREET
Phone          CARNEGIE, PA 15106

## ORDER

AND NOW, to wit this _____13th_____ day of _____March_____, _____2009_____, upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

Withdrawn without Prejudice.

Plaintiff's Exhibit
103

BY THE COURT:

_Marsha H. Neifield_                    M.B.
                                                        J.

COPY

Appendix A

# Text of the Fair Debt Collection Practices Act

## A.1 Cross-Reference Table of 15 U.S.C. Section Numbers With Public Law 95-109 Section Numbers

The Fair Debt Collection Practices Act, as currently codified at 15 U.S.C. § 1692 *et seq.*, is reprinted in this Appendix. However, many cases and articles, as well as the FTC letters included in Appendix I of this manual, refer to the Public Law 95-109 section numbers instead. To assist the attorney when reading material containing the latter numbers, the following table is provided. The Public Law 95-109 section numbers are also in brackets following each heading of the Act reprinted in this Appendix.

| Public Law Section | U.S.C. Section | Manual Section | Codified Heading at 15 U.S.C. |
|---|---|---|---|
| 802 | 1692 | Ch. 3 | Congressional findings and declaration of purpose |
| 803 | 1692a | Ch. 4 | Definitions |
| 804 | 1692b | § 5.3.6 | Acquisition of location information |
| 805 | 1692c | § 5.3 | Communication in connection with debt collection |
| 806 | 1692d | § 5.4 | Harassment or abuse |
| 807 | 1692e | § 5.5 | False or misleading representations |
| 808 | 1692f | § 5.6 | Unfair practices |
| 809 | 1692g | § 5.7 | Validation of debts |
| 810 | 1692h | § 5.8 | Multiple debts |
| 811 | 1692i | § 5.9 | Legal actions by debt collectors |
| 812 | 1692j | § 4.2.5 | Furnishing certain deceptive forms |
| 813 | 1692k | Chs. 6, 7 | Civil liability |
| 814 | 1692l | § 6.12 | Administrative enforcement |
| 815 | 1692m | § 6.12.1 | Reports to Congress by the Commission |
| 816 | 1692n | § 6.13 | Relation to State laws |
| 817 | 1692o | § 6.13.2 | Exemption for State regulation |

See page 112, *supra* for important statutory amendments effective December 30, 1996.

# A.2 Fair Debt Collection Practices Act[1]

## § 1692.  Congressional findings and declaration of purpose [Section 802 of P.L.]

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## § 1692a.  Definitions [Section 803 of P.L.]

As used in this subchapter—

(1) The term "Commission" means the Federal Trade Commission.

(2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

(3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
   (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
   (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
   (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
   (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
   (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
   (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.
   (G) Redesignated (F).[2]

(7) The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

(8) The term "State" means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing.

---

[1] A note in 15 U.S.C. § 1601 cites section 801 of Pub. L. 95-109, 91 Stat. 874 (Sept. 20, 1977) which provided: "This title [enacting subchapter V of this chapter, section 1692 *et seq.* of this title] may be cited as the 'Fair Debt Collection Practices Act.'" A note in 15 U.S.C. § 1692 cites section 818 of Pub. L. 95-109, which provided: "This title [this subchapter] takes effect upon the expiration of six months after the date of its enactment [Sept. 20, 1977], but section 809 [section 1692g of this title] shall apply only with respect to debts for which the initial attempt to collect occurs after such effective date."

Plaintiff's Exhibit
101

39-361, 100

*Text of the Fair Debt Collection Practices Act* Appx. A

## § 1692b.  Acquisition of location information [Section 804 of P.L.]

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

(2) not state that such consumer owes any debt;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

## § 1692c.  Communication in connection with debt collection [Section 805 of P.L.]

(a) Communication with the consumer generally—Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

(b) Communication with third parties—Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the con-

sumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(c) Ceasing communication—If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) Definitions—For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

## § 1692d.  Harassment or abuse [Section 806 of P.L.]

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

## § 1692e.  False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with

425

Appx. A.2                    *Fair Debt Collection*

the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of—
   (A) the character, amount, or legal status of any debt; or
   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—
   (A) lose any claim or defense to payment of the debt; or
   (B) become subject to any practice prohibited by this subchapter.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*(11) Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

*See page 112, *supra* for important statutory amendments effective December 30, 1996.

426

§ 1692f.  Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
   (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
   (B) there is no present intention to take possession of the property; or
   (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

§ 1692g.  Validation of debts [Section 809 of P.L.]

Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a

judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### Disputed debts

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

### Admission of liability

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

### § 1692h. Multiple debts [Section 810 of P.L.]

If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

### § 1692i. Legal actions by debt collectors [Section 811 of P.L.]

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

    (A) in which such consumer signed the contract sued upon; or

    (B) in which such consumer resides at the commencement of the action.

(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

### § 1692j. Furnishing certain deceptive forms [Section 812 of P.L.]

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

### § 1692k. Civil liability [Section 813 of P.L.]

#### Amount of damages

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

#### Factors considered by court

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

#### Intent

(c) A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

#### Jurisdiction

(d) An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

427

Appx. A.2          *Fair Debt Collection*

### Advisory opinions of Commission

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

## § 1692*l*. Administrative enforcement [Section 814 of P.L.]

### Federal Trade Commission

(a) Compliance with this subchapter shall be enforced by the Commission, except to the extent that enforcement of the requirements imposed under this subchapter is specifically committed to another agency under subsection (b) of this section. For purpose of the exercise by the Commission of its functions and powers under the Federal Trade Commission Act, a violation of this subchapter shall be deemed an unfair or deceptive act or practice in violation of that Act. All of the functions and powers of the Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with this subchapter, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests in the Federal Trade Commission Act, including the power to enforce the provisions of this subchapter in the same manner as if the violation had been a violation of a Federal Trade Commission trade regulation rule.

### Applicable provisions of law

(b) Compliance with any requirements imposed under this subchapter shall be enforced under—

(1) section 8 of the Federal Deposit Insurance Act, in the case of—

(A) national banks, and Federal branches and Federal agencies of foreign banks, by the Office of the Comptroller of the Currency;

(B) member banks of the Federal Reserve System (other than national banks), branches and agencies of foreign banks (other than Federal branches, Federal agencies, and insured State branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25(a) of the Federal Reserve Act, by the Board of Governors of the Federal Reserve System; and

(C) banks insured by the Federal Deposit Insurance Corporation (other than members of the Federal Reserve System) and insured State branches of foreign banks, by the Board of Directors of the Federal Deposit Insurance Corporation;

(2) section 8 of the Federal Deposit Insurance Act, by the Director of the Office of Thrift Supervision, in the case

of a savings association the deposits of which are insured by the Federal Deposit Insurance Corporation;

(3) the Federal Credit Union Act, by the National Credit Union Administration with respect to any Federal credit union;

(4) subtitle IV of Title 49, by the Secretary of Transportation with respect to all carriers subject to the jurisdiction of the Surface Transportation Board;

(5) the Federal Aviation Act of 1958, by the Secretary of Transportation with respect to any air carrier or any foreign air carrier subject to that Act; and

(6) the Packers and Stockyards Act, 1921 (except as provided in section 406 of that Act), by the Secretary of Agriculture with respect to any activities subject to that Act.

The terms used in paragraph (1) that are not defined in this subchapter or otherwise defined in section 3(s) of the Federal Deposit Insurance Act (12 U.S.C. 1813(s)) shall have the meaning given to them in section 1(b) of the International Banking Act of 1978 (12 U.S.C. 3101).

### Agency powers

(c) For the purpose of the exercise by any agency referred to in subsection (b) of this section of its powers under any Act referred to in that subsection, a violation of any requirement imposed under this subchapter shall be deemed to be a violation of a requirement imposed under that Act. In addition to its powers under any provision of law specifically referred to in subsection (b) of this section, each of the agencies referred to in that subsection may exercise, for the purpose of enforcing compliance with any requirement imposed under this subchapter any other authority conferred on it by law, except as provided in subsection (d) of this section.

### Rules and Regulations

(d) Neither the Commission nor any other agency referred to in subsection (b) of this section may promulgate trade regulation rules or other regulations with respect to the collection of debts by debt collectors as defined in this subchapter.

## § 1692m. Reports to Congress by the Commission [Section 815 of P.L.]

(a) Not later than one year after the effective date of this subchapter and at one-year intervals thereafter, the Commission shall make reports to the Congress concerning the administration of its functions under this subchapter, including such recommendations as the Commission deems necessary or appropriate. In addition, each report of the Commission shall include its assessment of the extent to which compliance with this subchapter is being achieved and a summary of the enforcement actions taken by the Commission under section 1692*l* of this title.

(b) In the exercise of its functions under this subchapter, the Commission may obtain upon request the views of any other Federal agency which exercises enforcement functions under section 1692*l* of this title.

---

3  15 U.S.C. § 1692*l* was amended by Pub. L. No. 95-473 § 3(b), 92 Stat. 1466 (Oct. 17, 1978); Pub. L. No. 95-630 Title V § 501, 92 Stat. 3680 (Nov. 10, 1978); Pub. L. No. 98-443 § 9n, 98 Stat. 1708 (Oct. 4, 1984); Pub. L. No. 101-73, Title VII § 744(n), 103 Stat. 440 (Aug. 9, 1989); Pub. L. No. 102-242, Title II § 212(e), 105 Stat. 2301 (Dec. 19, 1991); Pub. L. No. 102-550, Title XVI § 1604(a)(8), 106 Stat. 4082 (Oct. 28, 1992); Pub. L. No. 104-88, Title III § 316, 109 Stat. 949 (Dec. 29, 1995).

## 1692n.  Relation to State laws [Section 816 of P.L.]

This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

## § 1692o.  Exemption for State regulation [Section 817 of P.L.]

The Commission shall by regulation exempt from the requirements of this subchapter any class of debt collection practices within any State if the Commission determines that under the law of that State that class of debt collection practices is subject to requirements substantially similar to those imposed by this subchapter, and that there is adequate provision for enforcement.

## Case Docket View
### SC-09-07-28-6227 Case Information

**Complaint claim**
**Plaintiff Information**
Mildred Campbell
5816 Chestnut St
Philadelphia, PA 19139
**Attorney:** ALLAN K MARSHALL ID: <u>035990</u>

**Defendant Information**

| | | | |
|---|---|---|---|
| 1 | Patenaude and Felix<br>213 E. Main St<br>Carnegie, PA 15106 | | Ready for trial |
| 2 | Gregg L. Morris<br>213 E. Main St<br>Carnegie, PA 15106 | | Ready for trial |
| 3 | Capital One Bank<br>PO Box 30285<br>Salt Lake City, UT 84130 | | Ready for trial |

View Condensed Docket
Reverse Chronological Order

| Filing Date | Description | Results/Comments | Filing Party | Docketed Under | View |
|---|---|---|---|---|---|
| 07/28/2009 | Statement of Claims | Hearing Scheduled: 09/10/2009 09:15 AM Hearing Room 4D<br>Fee: $115.50<br>Amount at Issue: $12,500.00<br>Interviewer Code: 123 | ALLAN K MARSHALL | Mildred Campbell (P)<br>Gregg L. Morris (D2)<br>     Service: Constable<br>Capital One Bank (D3)<br>     Service: Certified Mail<br>Patenaude and Felix (D1)<br>     Service: Constable | View |
| 07/28/2009 | Plaintiff Instructions SC | Plaintiff Instructions | ALLAN K MARSHALL | Mildred Campbell (P)<br>Capital One Bank (D3)<br>Patenaude and Felix (D1)<br>Gregg L. Morris (D2) | View |
| 07/28/2009 | ADA - ADA Notice | ADA | ALLAN K MARSHALL | Gregg L. Morris (D2)<br>Mildred Campbell (P)<br>Patenaude and Felix (D1)<br>Capital One Bank (D3) | View |
| 07/28/2009 | SC What To Do | Instructions | ALLAN K MARSHALL | Mildred Campbell (P)<br>Capital One Bank (D3)<br>Patenaude and Felix (D1)<br>Gregg L. Morris (D2) | View |
| 07/28/2009 | Non-Military Affidavit | Non-Military Affidavit - Gregg L. Morris | ALLAN K MARSHALL | Mildred Campbell (P)<br>Gregg L. Morris (D2) | View |
| 07/28/2009 | Exhibit | 101-The False Lawsuit , 102 Docket 103 Order | ALLAN K MARSHALL | Gregg L. Morris (D2)<br>Capital One Bank (D3)<br>Mildred Campbell (P)<br>Patenaude and Felix (D1) | View |
| 07/28/2009 | Exhibit | 104 Fair Debt Collection Practices Act (FDCPA) | ALLAN K MARSHALL | Mildred Campbell (P)<br>Patenaude and Felix (D1)<br>Gregg L. Morris (D2)<br>Capital One Bank (D3) | View |

Print All Documents        Print Only Pertinent Documents

Allan K. Marshall
Attorney-at-Law
1819 JFK Blvd #400,
Phila PA 19103

Capital One Bank
P O Box 30285
Salt Lake City, UT 84130

ACCOUNT
CHARGED

7008 0150 0000 3311 7855



# EXHIBIT B



*108*

## PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA, 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator



RECEIVED
JUL 31 2009
BY:..................

#   SC-09-07-28-6227

| Petitioner/Plaintiff: | | Hearing Date: |
|---|---|---|
| Mildred Campbell<br>5816 Chestnut St<br>Philadelphia, PA 19139 | | 09/10/2009 |
| Respondent/Defendant: | Defendant #: 1171357 | Courtroom/Time: |
| Gregg L. Morris<br>213 E. Main St<br>Carnegie, PA 15106 | | 4D 09:15 AM |

**Notice of Intent to Defend:** No

## AFFIDAVIT OF SERVICE

1) I served ⟨10000⟩ on 8/17/09, at 3:52 P.M.

2) Location of Service Address 213 E. MAIN ST CARNEGIE PA 15106

☐ at home   ☑ place of business   ☐ other

3)     (fill in one box)
☐ Defendant personally served.
☐ Adult family member with whom said Defendant(s) reside(s).
☐ Adult in charge of Defendant(s) residence.
☐ Adult in charge of Defendant(s) residence who refuses to give name or relationship.
☐ Manager/Clerk of Place of Lodging In Which Defendant(s) Reside(s).
☐ Agent or person in charge of Defendant(s) office or usual place of business.

☐ Other _____

Name DAWN M KUSHNER   Title/Relationship Paralegal

Age_____ Height_____ Weight_____ Race_____ Sex_____

## AFFIDAVIT OF NO SERVICE

| 1) ___/___/___, at _____, .M. | ☐ Moved | ☐ Unknown | ☐ No Answer | ☐ Vacant | ☐ Other |
| 2) ___/___/___, at _____, .M. | ☐ Moved | ☐ Unknown | ☐ No Answer | ☐ Vacant | ☐ Other |
| 3) ___/___/___, at _____, .M. | ☐ Moved | ☐ Unknown | ☐ No Answer | ☐ Vacant | ☐ Other |

If Other _____
(Explanation)

**I VERIFY** that: 1) I am a competent adult over the age of eighteen, 2) I am not a party to this action, not an employee of a party in the action or of an attorney to the action, and 3) that all of the statements made herein are true and correct and I acknowledge that I am subject to the penalties of 18 PA C.S. §4904 relating to Unsworn Falsification to Authorities.

Signature of Server _____

Print or Type: ROBERT J AMANT

Name of Server: RETURN TO: PA STATE CONSTABLE
Address: BY   448 MacDADE BLVD.
FOLSOM, PA 19033

Phone Number: _____

56-10-05-01

**10003-942723-10-ER**

Sent 8-18-09



## PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator



JUL 31 2009

\# SC-09-07-28-6227

| Petitioner/Plaintiff: | BY: | Hearing Date: |
|---|---|---|
| Mildred Campbell<br>5816 Chestnut St<br>Philadelphia, PA 19139 | | 09/10/2009 |

| Respondent/Defendant: | Defendant #: 1171356 | Courtroom/Time: |
|---|---|---|
| Patenaude and Felix<br>213 E. Main St<br>Carnegie, PA 15106 | | 4D 09:15 AM |

**Notice of Intent to Defend:** NO

### AFFIDAVIT OF SERVICE

1) I served _____ on 8/17/09, at 3:52 P.M.

2) Location of Service Address 213 E MAIN ST CARNEGIE PA 15106

☐ at home   ☑ place of business   ☐ other

3) (fill in one box)

☐ Defendant personally served.
☐ Adult family member with whom said Defendant(s) reside(s).
☐ Adult in charge of Defendant(s) residence.
☐ Adult in charge of Defendant(s) residence who refuses to give name or relationship.
☐ Manager/Clerk of Place of Lodging In Which Defendant(s) Reside(s).
☐ Agent or person in charge of Defendant(s) office or usual place of business.

☐ Other _____

Name _____   Title/Relationship _____

Age____ Height_____ Weight_____ Race_____ Sex_____

### AFFIDAVIT OF NO SERVICE

1) ___/___/___ , at _____ , __.M. ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other

2) ___/___/___ , at _____ , __.M. ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other

3) ___/___/___ , at _____ , __.M. ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other

If Other _____

(Explanation)

I VERIFY that: 1) I am a competent adult over the age of eighteen, 2) I am not a party to this action, not an employee of a party in the action or of an attorney to the action, and 3) that all of the statements made herein are true and correct and I acknowledge that I am subject to the penalties of 18 PA C.S. §4904 relating to Unsworn Falsification to Authorities.

_____
Signature of Server

Print or Type: Robert N Monek

Name of Server: _____

RETURN TO: PA. STATE CONSTABLE
BY
Address: 428 MacDADE BLVD.
Phone Number: FOLSOM, PA 19033

56-10 05 01

10003-942722-10-O+

8-18-09

## **EXHIBIT C**

# Case Docket View
## SC-09-07-28-6227 Case Information

Complaint claim

**Plaintiff Information**

Mildred Campbell
5816 Chestnut St
Philadelphia, PA 19139
**Attorney:** ALLAN K MARSHALL ID: 035990

**Defendant Information**

| | | |
|---|---|---|
| 1 | Patenaude and Felix<br>213 E. Main St<br>Carnegie, PA 15106 | Ready for trial |
| 2 | Gregg L. Morris<br>213 E. Main St<br>Carnegie, PA 15106 | Ready for trial |
| 3 | Capital One Bank<br>PO Box 30285<br>Salt Lake City, UT 84130 | Ready for trial |

View Condensed Docket
Reverse Chronological Order

| Filing Date | Description | Results/Comments | Filing Party | Docketed Under | View |
|---|---|---|---|---|---|
| 07/28/2009 | Statement of Claims | Hearing Scheduled: 09/10/2009 09:15 AM<br>Hearing Room 4D<br>Fee: $115.50<br>Amount at Issue: $12,500.00<br>Interviewer Code: 123 | ALLAN K MARSHALL | Mildred Campbell (P)<br>Gregg L. Morris (D2)<br>   Service: Constable<br><br>Patenaude and Felix (D1)<br>   Service: Constable<br><br>Capital One Bank (D3)<br>   Service: Certified Mail | View |
| 07/28/2009 | Plaintiff Instructions SC | Plaintiff Instructions | ALLAN K MARSHALL | Patenaude and Felix (D1)<br>Gregg L. Morris (D2)<br>Capital One Bank (D3)<br>Mildred Campbell (P) | View |
| 07/28/2009 | ADA - ADA Notice | ADA | ALLAN K MARSHALL | Mildred Campbell (P)<br>Capital One Bank (D3)<br>Patenaude and Felix (D1)<br>Gregg L. Morris (D2) | View |
| 07/28/2009 | SC What To Do | Instructions | ALLAN K MARSHALL | Gregg L. Morris (D2)<br>Capital One Bank (D3)<br>Patenaude and Felix (D1)<br>Mildred Campbell (P) | View |
| 07/28/2009 | Non-Military Affidavit | Non-Military Affidavit - Gregg L. Morris | ALLAN K MARSHALL | Gregg L. Morris (D2)<br>Mildred Campbell (P) | View |
| 07/28/2009 | Exhibit | 101-The False Lawsuit , 102 Docket 103 Order | ALLAN K MARSHALL | Patenaude and Felix (D1)<br>Capital One Bank (D3)<br>Mildred Campbell (P)<br>Gregg L. Morris (D2) | View |
| 07/28/2009 | Exhibit | 104 Fair Debt Collection Practices Act (FDCPA) | ALLAN K MARSHALL | Patenaude and Felix (D1) | View |

|  |  |  |  | Mildred Campbell (P) Capital One Bank (D3) Gregg L. Morris (D2) |  |
|---|---|---|---|---|---|
| 08/21/2009 | Affidavit of Service | Service made for: Gregg L. Morris | CMS User | Gregg L. Morris (D2) | View |
| 08/21/2009 | Affidavit of Service | Service made for: Patenaude and Felix | CMS User | Patenaude and Felix (D1) | View |
| 09/08/2009 | Affidavit of Service | Service made for: Capital One Bank | CMS User | Capital One Bank (D3) | View |

| Print All Documents |    | Print Only Pertinent Documents |